UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| QUINTAIROS, PRIETO, WOOD, & BOYER, PA<br><br>    Plaintiff,<br><br>V.<br><br>PCPMG CONSULTING, LLC,<br><br>    Defendants. | CIVIL NO. 5:18-CV-176-KKC<br><br><br>**ORDER AND OPINION** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the Plaintiff's Motion to Remand. (DE 8). For the reasons stated below, the Motion to Remand (DE 8) is **DENIED**.

## I. BACKGROUND

Quintairos, Prieto, Wood, & Boyer, PA ("Law Firm") filed suit against PCPMG Consulting, LLC in Madison Circuit Court asserting various causes of action stemming from unpaid legal fees. (DE 1-1 at 2-11.) In their Complaint, Law Firm asserts that they provided legal services to Preferred Care group of companies. (DE 1-1 at 2.) Preferred Care group of companies consisted of various entities, including Preferred Care Partners Management Group, LP ("PCPMG"). (DE 1-1 at 2.) In 2017, President and CEO of PCPMG Consulting, LLC sent a letter to Law Firm stating that PCPMG had changed its name to PCPMG Consulting, LLC, (hereinafter "M-Con"). (DE 11-1 at 24.) Instead, M-Con was a newly created, wholly owned subsidiary of PCPMG (DE 34-2 at 4.)

Following Law Firm's suit, PCPMG filed a three-count lawsuit (the "Bankruptcy Case") against Law Firm in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court"). (DE 34-2 at 2.) PCPMG had filed for

1

bankruptcy[1] and asserted that (1) Law Firm violated the automatic stay, (2) PCPMG suffered damages from the stay violations, and (3) in the alternative, the Bankruptcy Court should temporarily enjoin this case (the "Kentucky Lawsuit") because it is interfering with PCPMG's Chapter 11 proceeding. (DE 34-2 at 2.) Law Firm filed a Motion to Dismiss the Bankruptcy Case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (DE 34-2 at 7.) The Bankruptcy Court granted in part and denied in part the Motion to Dismiss. (DE 34-2 at 15.) According to the Bankruptcy Court's Order, Law Firm did not violate the automatic stay by filing the Kentucky Lawsuit, and consequently, PCPMG did not suffer damages from a violation of the automatic stay. (DE 34-2 at 2.) However, the Bankruptcy Court ruled that PCPMG could pursue an injunction against Law Firm's prosecution of the Kentucky Lawsuit because PCPMG had adequately pled that the Kentucky Lawsuit will have an adverse impact on PCPMG's ability to reorganize and

> (1) there is a substantial likelihood that PCPMG will prevail in confirming a Chapter 11 plan;
>
> (2) there is a substantial threat that PCPMG will suffer irreparable injury if the injunction is not granted, forcing M-Con's employees (who assist PCPMG) to devote their time and attention to the Kentucky Lawsuit as opposed to assisting PCPMG in its attempt to negotiate and confirm a Chapter 11 plan;
>
> (3) the threatened injury to PCPMG outweighs the threatened harm to Law Firm; and
>
> (4) granting the injunction will serve the public interest of allowing PCPMG to negotiate and confirm a Chapter 11 plan.
>
> (DE 34-2 at 14-15.)

Accordingly, the Bankruptcy Case is proceeding on that ground.

Twenty-five days after Law Firm filed this suit in Madison Circuit Court, M-Con removed the case under 28 U.S.C. § 1446 to the Eastern District of Kentucky pursuant to 28 U.S.C. §§ 1332 and 1452, and Federal Rule of Bankruptcy Procedure 9027. (DE 1 at 1.) In light of the

---

[1] In November 2017, PCPMG, Kentucky Partners Management, LLC, Preferred Care, Inc., and thirty-three other affiliated entities filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. (DE 34-2 at 4-5.)

Bankruptcy Case, just two days later, the parties filed an Agreed Order, which stayed all relevant deadlines in the Kentucky Lawsuit for a period of forty-five days. (DE 6). Shortly thereafter, Law Firm filed this Motion to Remand under 28 U.S.C. § 1447(c). (DE 8). Law Firm asserts that (1) this Court should abstain, pursuant to 28 U.S.C. § 1334(c)(1), in the interest of justice, or in the interest of comity with State courts or respect for state law; and (2) equitable grounds for remand exist under 28 U.S.C. § 1452(b). (DE 8.)

## II. ANALYSIS

The Court must determine whether removal from Madison Circuit Court was proper. On a motion to remand, the burden rests with the defendant to prove that this Court has original jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Original jurisdiction exists either through diversity of citizenship, *see* 28 U.S.C. §§ 1332 and 1441(b), or federal question jurisdiction, *see* 28 U.S.C. §§ 1331, 1334, and 1441(a). When doubts as to the propriety of removal exist, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 550. The Court considers the parties' arguments regarding jurisdiction of this Court below.

**A. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.**

This Court has proper jurisdiction under § 1332, which states that district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. Pursuant to § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. As asserted in M-Con's removal petition, Law firm is incorporated in Florida with its principal place of business in Florida. (DE 1-1 at 1.) M-Con is incorporated in Texas with its principal place of business in Texas. (DE 1-1 at 1.) Accordingly, there is complete diversity of citizenship between the parties in this case. The amount in controversy also exceeds $75,000. Law Firm's

Complaint is seeking an award exceeding $218,025.56. (DE 1-1 at 11.) Therefore, this Court has proper original jurisdiction under § 1332.

**B. This Court has original jurisdiction under 28 U.S.C. § 1334.**

This Court has original jurisdiction pursuant to § 1334, which states that district courts shall have original, but not exclusive, jurisdiction of all civil proceedings related to a case under Title 11. Generally, the grant of jurisdiction over proceedings related to a bankruptcy case is very broad. *See Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995). "The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Greektown Holdings, LLC.*, 728 F.3d 567, 577 (6th Cir. 2013) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Moreover, an action is related to bankruptcy if the outcome could, in any way, impact the handling and administration of the bankruptcy estate. *Id*.

This Court has original jurisdiction over the present case because it is a civil proceeding that is related to a case under Title 11. Law Firm asserts various causes of action against M-Con stemming from a failure to pay legal fees. M-Con is a subsidiary of PCPMG, which filed for bankruptcy in the Northern District of Texas, Fort Worth Division. (DE 34-2 at 4.) The present case relates to PCPMG's bankruptcy because a judgment against M-Con could affect the overall reorganization of PCPMG.[2] Consequently, this Court has original jurisdiction because the outcome of this proceeding could conceivably affect the administration of PCPMG's bankruptcy estate.

**C. This Court has discretion to abstain under 28 U.S.C. § 1334(c)(1).**

---

[2] PCPMG is currently seeking an injunction against Law Firm's prosecution of the Kentucky Lawsuit. The Bankruptcy Court has ruled that PCPMG has adequately pled that the Kentucky Lawsuit will have an adverse impact on PCPMG's ability to reorganize. (DE 34-2 at 14-15.)

4

Law Firm asserts that this Court should abstain from exercising jurisdiction under § 1334(c)(1), which states "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding…related to a case under title 11." This is permissive abstention, meaning a district court has discretion to abstain. *In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006). Considering this Court has properly retained original jurisdiction under § 1334 and diversity jurisdiction under § 1332, this Court sees no reason to abstain. Accordingly, we decline to remand the case to Madison Circuit Court on this ground.

**D. Equitable grounds for remand do not exist under 28 U.S.C. § 1452.**

Law Firm asserts that equitable grounds exist warranting remand under § 1452. (DE 8-1 at 3-6.) M-Con removed this action to the Eastern District of Kentucky pursuant to § 1452(a), which provides that "[a] party may remove any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title." Law Firm now moves for remand under § 1452(b), which states that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Further examination of § 1452(b) reveals that a court's decision not to remand under § 1452 is not reviewable by appeal if the district court has proper original jurisdiction.

Law Firm asserts that equitable grounds for remand exist under § 1452 because M-Con failed to attach exhibits filed with Law Firm's state court complaint. In their Motion for Remand (DE 8), Law Firm cites the language of 28 U.S.C. § 1446(a)—which states that a Notice of Removal must be filed together with copies of all process, pleadings, and orders served upon the removing defendant—to justify that remand is proper under § 1452. They assert that because Federal Rule of Civil Procedure 10(c) and Kentucky Rule of Civil Procedure 10.3 state that exhibits become part of the complaint, M-Con did not properly remove the case under § 1446(a),

5

and remand is warranted based on equitable grounds. Although there is no Sixth Circuit precedent directly on point, other districts have ruled on this issue. Accordingly, this Court must attempt to discern from the available precedent how the Sixth Circuit might rule on this issue. We believe that the Sixth Circuit would conclude that a party's failure to attach exhibits in its removal petition does not warrant remand.

As Law Firm correctly asserts, a defective removal generally requires remand of a case. Per § 1446(a), a defendant shall file a notice of removal, containing all copies of process, pleadings, and orders, within thirty days after the plaintiff files his initial complaint. However, Courts that have addressed a defendant's failure to attach all copies of process, pleadings, and orders served have predominantly found that remand is not warranted under these circumstances. *See, e.g. Long v. Ocwen Loan Servicing, LLC*, No. 13-CV-14810, 2014 WL 1400115, at *2 (E.D. Mich. Apr. 10, 2014); *Dri Mark Products, Inc. v. Meyercord Co.*, 194 F.Supp. 536, 538 (S.D.N.Y. 1961); *Smith v. Bank of America, N.A.*, No. 1:11-CV-00141, 2011 WL 1332035, at *3 (E.D. Cal. Apr. 6, 2011); *Rocha v. Brown & Gould, LLP*, 61 F.Supp. 3d. 111, 113 (D.D.C. 2014); *Boyce v. St. Paul Fire & Marine Ins. Co.*, No. CIV. 92-6525, 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993); *Robinson v. Jackson Cty., Missouri*, No. 07-00151-CV-W-REL, 2007 WL 9718157, at *4 (W.D. Mo. May 7, 2007); *Gilfert v. Liberty Mut. Ins. Co.*, No. CIV.A. 305CV527S, 2006 WL 288628, at *3 (W.D. Ky. Feb. 2, 2006). In fact, Courts within the Second, Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have all held that a failure to attach all requisite state court documents to a notice of removal does not require remand. *See id. See also Riehl v. Nat'l Mut. Ins. Co.*, 374 F.2d 739, 742 (7th Cir. 1967); *Covington v. Indem. Ins. Co. of N. Am.*, 251 F.2d 930 (5th Cir. 1958); *Yellow Transp., Inc. v. Apex Digital, Inc.*, 406 F. Supp. 2d 1213 (D. Kan. 2005). Accordingly, "a defendant's failure to attach certain state court documents is the kind of de minimus procedural error not necessitating remand to state court." *Long*, 2014 WL 1400115 at *2.

Several courts have also specifically held that remand is not appropriate when a defendant fails to attach all exhibits filed with the original complaint. *See, e.g. Long*, 2014 WL 1400115, at *2; *Dri Mark Products, Inc.*, 194 F.Supp. at 538; *Smith*, 2011 WL 1332035 at *3; *Rocha*, 61 F.Supp. 3d. at 113. If the case is in its nature removable, inadvertent omissions—including failure to attach exhibits—are merely formal or modal. *Covington*, 251 F.2d at 933. They do not affect the right to remove, and such technical defects may be subsequently remedied. *Gilfert*, 2006 WL 288628 at *3. There is, however, contradictory authority. A minority of courts, primarily within the Ninth and Eleventh circuits, strictly construe the removal statute and have found that the failure to attach state court documents is a defect requiring remand, if the defect is timely raised. *See, e.g., Employers-Shopmens Local 516 Pension Trust*, No. 05-444-KI, 2005 WL 1653629, at * 4 (D. Or. July 6, 2005); *Kisor v. Collins*, 338 F. Supp. 2d 1279, 1281 (N.D. Ala. 2004); *Cury v. Royal Palm Sav. Ass'n*, 713 F. Supp. 388 (S.D. Fla. 1989). While this Court recognizes the existence of contrary authority, we find the majority line of cases more persuasive.

Courts may also consider whether the plaintiff suffered harm from the allegedly defective removal. *Walton v. Bayer Corp*. 643 F.3d 994, 998-99 (7th Cir. 2011). Defects that are inconsequential, meaning they are incapable of misleading or otherwise causing harm, will not deprive a court that has proper jurisdiction. *Id*.

In the present case, M-Con filed its removal petition twenty-five days after Law Firm's complaint was filed in state court—clearly within the thirty-day prescribed period. (DE 1 at 1.) However, M-Con did not file the seven attached exhibits with its removal petition. (DE 8 at 1.) Even though M-Con did not file the exhibits attached to the complaint filed in state court, we believe, based on the foregoing, that this is a kind of defect that may be subsequently remedied. And M-Con has already remedied the defect. (DE 11). Eighteen days beyond the thirty-day removal period, M-Con filed an amended document to supplement its initial removal petition

7

which contained all of the missing exhibits. (DE 11-1.) We also see no harm suffered by Law Firm. Two days following M-Con's removal to this Court, all relevant deadlines were stayed by agreed order. (DE 5). Even though the stay does not toll the removal period, *see Justice v. Motorist Mut. Ins. Co.*, No. CIV 08-195-ART, 2008 WL 4844722, at *1 (E.D. Ky. Nov. 6, 2008), we do not see any harm suffered by Law Firm considering that M-Con remedied the defect during the stay period—a time at which the case was not moving forward. Accordingly, under the facts of this case, M-Con's failure to attach exhibits to its removal petition are not equitable grounds warranting remand under § 1452.

Law Firm also urges us to consider other equitable considerations regarding the propriety of remand under § 1452, including (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which state law claims predominate; (3) the difficulty of the applicable state law; (4) comity; (5) relatedness or remoteness to a bankruptcy case; and (6) prejudice to an involuntarily removed party. Although state law claims do predominate in this cause of action, this case could influence PCPMG's reorganization.[3] There is also nothing to indicate truly complex issues of state law. (*see* DE 1-1.) Most importantly, this case is related to an ongoing bankruptcy, and consequently, it may not go forward depending on the result of the Bankruptcy Case pending in the Northern District of Texas, Fort Worth Division. (DE 34-2 at 14-15.) In addition, we also do not believe Law Firm was prejudiced by a removal to a district court that has properly retained jurisdiction under §§ 1334 and 1332.

Finally, Law Firm asserts that removal of this case does not advance the purposes of diversity jurisdiction under § 1332, and therefore, this Court should remand on equitable grounds under § 1452. (DE 8-1 at 5-6.) One of the central purposes of diversity jurisdiction is to protect nonresident parties from local bias. *See Cole v. Great Atlantic & Pacific Tea Co.*, 728

---

[3] The Bankruptcy Court has ruled that PCPMG has adequately pled that the Kentucky Lawsuit will have an adverse impact on PCPMG's ability to reorganize. (DE 34-2 at 14-15.)

F.Supp. 1305, 1307 (E.D. Ky. 1990). As Law Firm proclaims in their Motion to Remand, they have represented Preferred Care entities in at least seven cases alleging negligence in Madison County. (DE 8-1 at 4-5.) Now, Law Firm is seeking payment of legal fees stemming from their representation in those suits. (DE 1-1 at 11.) It is easy to see the potential for bias against Preferred Care entities, including M-Con, in Madison County when considering the history of this case. Accordingly, we find no equitable grounds for remand under § 1452.

### III. CONCLUSION

Based on the foregoing, M-Con has fulfilled its burden of proof in showing that this Court has original jurisdiction. M-Con has demonstrated original jurisdiction under 28 U.S.C. §§ 1334 and 1332. Furthermore, this Court finds no equitable grounds for remand under 28 U.S.C. § 1452. Accordingly, the Court hereby **ORDERS** as follows:

(1) Quintairos, Prieto, Boyer, and Wood's Motion to Remand (DE 8) is **DENIED.**

(2) Because the Bankruptcy Case in the Northern District of Texas, Fort Worth Division, could affect the plaintiff's ability to prosecute the present case, this case is **STAYED** pending the resolution of the Bankruptcy Case, *Preferred Care Partners Management, L.P. v. Quintairos, Prieto, Wood & Boyer, P.A.*, Adversary No. 18-4109-mxm.

(3) To seek relief from this stay, the parties shall file a status report within 14 days after the Bankruptcy Court renders its decision in the Bankruptcy Case.

Dated January 28, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY